55 CCPA

### Application of Alfred MARZOCCHI and Nicholas S. Janetos.

#### Patent Appeal No. 7920.

United States Court of Customs and Patent Appeals.

May 9, 1968.

---

Herman Hersh, Chicago, Ill., George A. Degnan, Washington, D. C., McDougall, Hersh, Scott & Ladd, Chicago, Ill., Staelin & Overman, Toledo, Ohio, for appellants.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and KIRKPATRICK, Judges.*

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals [1] affirming the examiner's rejection of claims 2–25 and 34 of application serial No. 38,745, filed June 27, 1960, entitled "Sized Glass Fibers, Compositions and Methods." The examiner also rejected claims 26–33. Appellants withdrew their appeal to the board with respect to those claims. Appellants now have withdrawn their appeal here with respect to claims 2–18 and 34, leaving only claims 19–25. No claim has been allowed.

The invention is an article of manufacture: glass fibers with a surface coating of a cured epoxidized copolymer attached to the glass fibers by a polyfunctional anchoring agent. The claims define the copolymer and anchoring agent more precisely.

19. An article of manufacture comprising glass fibers containing a surface coating of a cured epoxidized copolymer of a polyolefin and a compound containing a molecular grouping from the group consisting of:

$$R - \overset{\overset{\displaystyle O}{\|}}{C} - CH = CH - \overset{\overset{\displaystyle O}{\|}}{C} - R'$$

and

$$CH_2 = \overset{\overset{\displaystyle (CH_2)_n}{|}}{C} - \overset{\overset{\displaystyle O}{\|}}{C} - R^2$$

where R and R' are members of the class consisting of OH and $OR^4$, $NH_2$ and $NHR_3$; $R^2$ is a member of the class consisting of OH, $NH_2$, $-N-(R^3)_2$, $NHR^3$, $OR^4$ and H where $R^3$ and $R^4$ are organic radicals of not more than 10 carbon atoms in chain length with the proviso that $R^3$ and $R^4$ may contain from 0 to 4 amino groups and where n is an integer from 0 to 1, said cured epoxidized copolymer being attached to the glass fibers by a polyfunctional anchoring agent which forms a part of the copolymer and contains at least one functional group capable of attaching to the surface of the glass fibers and at least one functional group capable of reacting with said epoxidized polyolefin copolymer.

20. The article of manufacture of Claim 19 where the polyfunctional anchoring agent is a compound selected from the group consisting of an organic chrome complex having a car-

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Consisting of Magil and Behrens, Examiners-in-Chief, and Vertiz, Acting Examiner-in-Chief, opinion by Behrens.

boxylato group coordinated with the trivalent nuclear chromium atom, an organo silane, its hydrolysis products and its polymerization products, wherein said silane contains at least one hydrolyzable group, and an amine, said organic chrome complex, organo silane and amine compounds also containing a functional group capable of reacting with the epoxidized polyolefin copolymer.

21. The article of manufacture of Claim 20 where the functional group capable of reacting with the epoxidized polyolefinic copolymer is selected from the group consisting of carboxyl, primary amino, secondary amino, epoxy, hydroxy, phenolic, acid halide, mercapto-olefinic and amido groups.

22. The article of manufacture of Claim 20 where the epoxidized polyolefinic copolymer is linear and contains at least one epoxy group attached to a terminal carbon atom and at least one epoxy group attached to carbon atoms other [than] terminal carbon atoms.

23. The article of manufacture of Claim 20 where the epoxidized polyolefinic copolymer contains at least one reactive olefinic linkage.

24. The article of manufacture of Claim 20 where the epoxidized polyolefinic copolymer is of branch chain configuration and contains at least one epoxy group attached to a terminal carbon atom and at least one epoxy group attached to carbon atoms other than terminal carbon atoms.

25. The article of manufacture of Claim 20 where the epoxidized polyolefinic copolymer is a copolymer of 1, 3-butadiene and a hydrolyzed ester of an acrylic acid.

The following prior art is relevant:

Marzocchi et al. 2,931,739 April 5, 1960

Marzocchi et al.[2] disclose glass fibers with a surface coating of polyester resin attached by a difunctional anchoring agent, e. g., a-aminopropyl triethoxy silane. The specification adds, however:

Instead of the described polyesters, use can be made of other film forming materials * * *. Use can be made of epoxy resinous material such as a self-curable modified epoxy resin of the type manufactured under the trade name "Becco A—$_{10}$—15–35" or a catalyzed curable epoxy resin such as is marketed under the trade name "Becco A—$_{10}$–15–50," * * *.

The claims were rejected as anticipated by or obvious in view of Marzocchi et al. and as "vague and indefinite and not complying with 35 U.S.C. 112."

The prior art rejection is based on the examiner's statement that Becco A—$_{10}$—15–50 "corresponds to" the cured, epoxidized copolymers of appellants' claims. He apparently inferred as much from appellants' argument in another case. Appellants here deny that any of their *pending* applications support such an inference or that, in any event, it is determinative of patentability. Their argument below was confined to the latter point. The solicitor insists that it should be so confined here.

The rejection under section 112 is based on three separate objections to appellants' claims.

The first is that R groups in the structural formulae of claim 19 are inconsistent with the disclosure of the specification. The effect of the inconsistency is that compounds are claimed for which the specification provides no support. More particularly, referring to claim 19, R and R' are defined as members of the class consisting of OH, OR', NH$_2$, and NHR$_3$. Neither OH nor NH$_2$ has antecedent support in the specification (although the claims were in the application as filed). Appellants expressly conceded this inconsistency in their brief, but withdrew the formality of the concession at oral argument under questioning from the court. Appellants, however, made

---

2. Appellants are also the patentees of the reference, assigned to Owens-Corning Fiberglas Corporation.

no attempt to show that this rejection was in error.

The second basis for the section 112 rejection is the apparent inconsistency between the claims which permit serial application of anchoring agent and resin and the assertion in the specification that:

The invention specifically resides in the sizing of glass fibers with a composition containing as an essential component an epoxidized polyolefin and anchoring agent.

Appellants reply that this is an inappropriate objection to claims which define articles of manufacture and, further, that they intend their claims to be broad enough to cover serial application if, indeed, such application is effective (which appellants doubt).

Thirdly, the section 112 rejection is based on this paragraph from the specification:

An important concept of the invention resides in using epoxidized polyolefins which contain at least one epoxidized group attached to a terminal carbon atom and at least one epoxidized group attached to carbon atoms other than terminal carbon atoms and wherein the epoxidized polyolefins also contain at least one or more unsaturated or ethylenic linkages within the molecule.

The examiner said, referring to the quoted paragraph:

* * * the specification makes critical that the epoxidized polyolefin have internal and terminal epoxy groups as well as at least one point of unsaturation; * * * [the claims] are deficient in this regard.

Appellants point to a sentence in their specification which indicates that the use of epoxidized polyolefins in which at least one epoxidized group is attached to a terminal carbon atom and at least one to a carbon atom other than a terminal atom is merely *preferred* and thus no critical limitation of the invention. They also argue that an epoxidized polyolefin is inherently unsaturated and that any specific definition of that characteristic in the claims would be surplusage.

The solicitor argues strongly that the distinction between "preferred" polyolefins and others was never made below and that, had it been made, entirely new lines of inquiry might have been opened by the examiner and board. He also disputes the contention that the epoxidized polyolefins are inherently unsaturated.

It is apparent that we must affirm the rejection on section 112 at least on the basis of the first ground, supra, lack of correspondence between the specification and claims. In re Cavallito, 306 F.2d 505, 49 CCPA 1335 (1962); In re Rainer, 377 F.2d 1006, 54 CCPA 1445 (1967). We will not discuss the other bases for the section 112 rejection not only because such discussion is unnecessary to our decision but because the issues involved in such discussion, viz., the propriety of raising a certain point for the first time on appeal and the necessity of including certain limitations allegedly "surplusage" in the claims, probably would be mooted if prosecution were resumed.

Nor are we inclined to comment upon the prior art rejection, based as it is on an examiner's statement of fact, unsupported in the record and yet, until now, unchallenged by appellants.[3] Any comment of ours could only be helpful in the event prosecution is resumed. And, if that should come to pass, we may safely

---

3. We usually decline to consider such tardy nay-saying:

When an examiner's statement is first controverted on appeal to us, especially for lack of evidentiary support, we are not only deprived of the benefit of his views and those of the board on the particular point, but we also lack assurance that the appropriate support could not have been provided, absent the implicit acceptance of the statement's validity by appellants below. In re Fong, 378 F.2d 977, 54 CCPA 1482 (1967).

anticipate an early challenge to the examiner's assertion and a reply to that challenge.

The decision of the board is affirmed.

Affirmed.