**Application of John Nicholson GARDNER.**

**Patent Appeal No. 8923.**

United States Court of Customs and Patent Appeals.

June 14, 1973.

## ON PETITION FOR REHEARING AND RECONSIDERATION

MARKEY, Chief Judge.

The Commissioner has petitioned for rehearing and reconsideration with respect to our reversal of the § 112 rejection based on the first paragraph description requirement. Our view that original claim 2 in itself constituted sufficient "description in the original disclosure" of a subgenus within the broad class of quanidinoalkyl–1: 4-benzodioxan derivatives disclosed in the application to satisfy the description requirement has been challenged.

The Commissioner's basic contention is succinctly stated at page 6 of the petition as follows:

While an original claim may be considered as a part of the original *disclosure,* it should not be considered a part of the "written description"—unless the specification contains or is amended to contain the subject matter of the original claim.

A conflict is alleged with our holdings in In re Marzocchi, 394 F.2d 571, 55 CCPA 1084 (1968) and In re Cavallito, 306 F.2d 505, 49 CCPA 1335 (1962). In those cases, however, although the rejected claims were original claims and thus part of the original disclosure, there was insufficient support for claims of such breadth, in the sense of enabling disclosure in the specification. Here there is an adequate disclosure of a much broader class of compounds in the main body of the specification, as recognized in our earlier opinion, 475 F. 2d 1389, and the only question lies in the delineation of the particular subgenus now being claimed. Under these circumstances, we consider the original claim in itself adequate "written de-

scription" of the claimed invention. It was equally a "written description" whether located among the original claims or in the descriptive part of the specification. Whether the descriptive part of the specification should be amended to include the language of claim 2 is more of an administrative matter to be settled in the Patent Office and is not a proper basis for our decision on the merits of this rejection. We simply note that appellant has offered to make such an amendment.

The petition for rehearing or reconsideration is denied.